UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LA'DON ARNOLD                                                                                       Plaintiff

v.                                                                                      Civil Action No. 3:21-cv-76-RGJ

O'CHARLEY'S RESTAURANT                                                                        Defendant
PROPERTIES, LLC

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant O'Charley's Restaurant Properties ("O'Charley's") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 21]. Plaintiff La'Don Arnold ("Arnold") responded in opposition [DE 22] and O'Charley's replied [DE 23]. The matter is ripe. For the reasons below, the Court **GRANTS** O'Charley's Motion to Dismiss [DE 21].[1]

### I.   BACKGROUND

Arnold filed this suit against O'Charley's in Jefferson Circuit Court on December 18, 2020 under Civil Action No. 20-CI-7298. [DE 1-1 at 7]. Arnold alleges that he slipped and fell at the O'Charley's restaurant located on Dixie Highway in Louisville, Kentucky on or about January 6, 2020. [DE 21 at 88]. Arnold was visiting the O'Charley's location in the course of his employment with a company he owns called Derby City Geeks. [*Id.*]. Arnold seeks damages for medical expenses, lost wages, property damage, pain and suffering, and permanent impairment of his ability to earn money. [*Id.*]. After filing its Answer, O'Charley's propounded requests for admissions upon Arnold. [*Id.*]. In Arnold's responses dated February 2, 2021, Arnold admitted that he sought damages that exceed $75,000. [DE 1-1 at 15]. Along with medical expenses,

---

[1] For reasons set forth below, the Court converts O'Charley's Motion to Dismiss into a motion for summary judgment.

1

Arnold claims $102,400 in lost wages, $500,000 in pain and suffering, and $500,000 in future pain and suffering. [DE 21 at 89].

On December 29, 2020, approximately eleven days after Arnold filed this lawsuit, Arnold filed a Chapter 13 bankruptcy petition in the Western District of Kentucky, Case 20-33026 ("Bankruptcy Action"). [DE 21-1]. Arnold failed to list this lawsuit in Part 4, Question 7 of his Statement of Financial Affairs and Part 4, Question 33 of Schedule A/B. [*Id.*]. Before confirmation, Arnold filed an amendment to Schedule C adding exemptions. [DE 21 at 89]. Arnold's Chapter 13 plan was confirmed on February 12, 2021. [DE 21-2 at 160]. On September 13, 2021, one day before responding to O'Charley's Motion to Dismiss, Arnold amended the schedules and statements to his Bankruptcy Action adding this civil action. [DE 22 at 1].

Based on the amount in controversy and diversity between the parties, O'Charley's removed this action on February 5, 2021. [DE 1]. O'Charley's moved to dismiss this action under the theory of judicial estoppel. [DE 21 at 90]. Arnold does not dispute O'Charley's timeline of events and factual allegations. [DE 22 at 1].

## II. O'CHARLEY'S MOTION TO DISMISS

O'Charley's moves to dismiss Arnold's action pursuant to Rule 12(b)(6) arguing that the doctrine of judicial estoppel prevents Arnold from pursuing his personal injury claim because he failed to disclose this action in his Bankruptcy Action. [DE 21 at 87].

### A. Documents Outside the Complaint

Before addressing the merits, the Court must first decide whether to consider items relied on by O'Charley's that fall outside Arnold's complaint. If "matters outside the pleadings are presented to and not excluded by the court" when ruling on a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule

56." Fed. R. Civ. P. 12(d). "Whether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case." *Shelby Cty. Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund,* 203 F.3d 926, 931 (6th Cir. 2000). The Sixth Circuit explained that there is no surprise when a district court converts a motion to dismiss into a motion for summary judgment if "(a) both sides submit extrinsic material as exhibits to their pleadings, (b) the parties had the opportunity to respond to arguments and exhibits that were submitted by the other side, and (c) the parties had the opportunity to fully address all arguments for dismissal." *Wilkes v. Nat'l Credit Union Admin. Bd.*, No. 15-CV-11389, 2015 WL 7889049, at *1 n. 1 (E.D. Mich. Dec. 4, 2015) (citing *Shelby Cty. Health Care Corp.*, 203 F.3d at 931–32).

  O'Charley's has submitted extrinsic evidence consisting of discovery responses attached to the Notice of Removal and public records from the Bankruptcy Action. [DE 21]. O'Charley's requested that the Court consider this extrinsic evidence and convert its Motion to Dismiss into a motion for summary judgment if required under the Federal Rules of Civil Procedure. [*Id.* at 87]. Arnold did not address this argument in his Response. [DE 22]. Although Arnold does not submit additional extrinsic evidence, Arnold concedes that O'Charley's accurately states the timeline of events and correctly states the legal standards. [DE 22 at 1]. Arnold also references additional filings in his Bankruptcy Action, [*Id.*], and cites the extrinsic exhibits submitted by O'Charley's in his Response [*Id.* at 2–3]. The parties have fully addressed and responded to O'Charley's argument for dismissal. [DE 21, 22, 23]. Based on the briefing, the parties had sufficient notice that the Court could consider this outside material and convert O'Charley's Motion to Dismiss into a motion for summary judgment. Because the Court has considered extrinsic evidence provided by O'Charley's, the Court will convert this Rule 12(b)(6) motion to one for summary judgment

under Rule 56. *See* Fed. R. Civ. P. 12(d); *Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 965 (6th Cir. 2009) (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

### B. Standard of Review

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including

depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### C. Analysis

#### 1. O'Charley's Motion for Summary Judgment

A debtor must file a "schedule of assets and liabilities[,] a schedule of current income and current expenditures[,][and] a statement of the debtor's financial affairs." 11 U.S.C. §521(a)(1)(B). "It is well-settled that a cause of action is an asset that must be scheduled pursuant to §521." *Schultz v. Hydro-Gear Ltd. P'ship*, No. 5:12-cv-10, 2012 WL 3527068, at *4 (W.D. Ky. 2012) (citing *Eubanks v. CBSK Fin. Grp., Inc.*, 385 F.3d 894, 897 (6th. Cir. 2004)). "The duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999). "[T]he disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003). "The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'" *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir. 1990)). Courts generally examine three factors when deciding whether judicial estoppel is appropriate:

> (1) the later position must be clearly inconsistent with the earlier one; (2) the court must accept the litigant's earlier position, so adopting the later position would be inconsistent; and (3) the party seeking to change its position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Middlebrooks v. Parker*, 22 F.4th 621, 628 (6th Cir. 2022) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)). These factors are to inform the Court's decision rather than serve as a rigid framework. *Middlebrooks*, 22 F.4th at 628.

       i.  *Inconsistency Between Arnold's Earlier Position and Latter Position.*

This factor examines the consistency between a party's earlier and latter positions. *Middlebrooks v. Parker*, 22 F.4th at 628. Arnold failed to list his lawsuit against O'Charley's in his Bankruptcy Action and signed the schedules and statements under the penalty of perjury. [DE 21-1]. This action, filed shortly before his Bankruptcy Action, requests more than $1,000,000 in relief. [DE 21 at 89]. The Sixth Circuit has held that "pursuing a cause of action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency sufficient to support judicial estoppel." *Lewis v. Weyerhaeuser Co.*, 141 Fed. App'x. 420, 425 (6th Cir. 2005) (citing *Eubanks*, 385 F.3d at 898). Based on the evidence provided to the Court, Arnold has taken inconsistent positions in this action and his Bankruptcy Action.

       ii.  *The Court Has Accepted Arnold's Earlier Position.*

This factor examines whether a court has accepted the earlier position so that the latter position would not be inconsistent. *Middlebrooks v. Parker*, 22 F.4th at 628. The Bankruptcy Court confirmed Arnold's Chapter 13 plan on February 12, 2021. [DE 21-2 at 160]. When confirming a Chapter 13 plan, the bankruptcy court adopts the declarations listed in the schedules and statements. *See Lewis*, 141 Fed. App'x. at 425; *Reynolds v. C.I.R.*, 861 F.2d 469, 473 ("[W]hen a bankruptcy court—which must protect the interests of all creditors—approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient judicial acceptance to estop the party from later advancing an inconsistent position."). The Bankruptcy Court of the Western District of Kentucky adopted Arnold's earlier position that

he did not have a claim against O'Charley's. *See Lewis*, 141 F. App'x at 425. As a result, ruling in Arnold's favor in his civil case would create inconsistent positions.

### iii. *Mistake or Inadvertence.*

This factor requires Defendant to demonstrate that "plaintiff asserted the inconsistent position to gain an unfair advantage, or the omission did not result from mistake or inadvertence." *Cotita v. Verizon Wireless*, 54 F. Supp. 3d 714, 718 (W.D. Ky. 2014). To determine whether conduct resulted from mistake or inadvertence, the Court considers whether: "(1) [Arnold] lacked knowledge of the factual basis of the undisclosed claim[]; (2) [Arnold] had a motive for concealment; and (3) the evidence indicates an absence of bad faith." *Kelly v. Land O'Frost, Inc.*, No. 4:19-CV-00103, 2020 WL 1812220, at *4 (W.D. Ky. Jan. 8, 2020) (quoting *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 478 (6th Cir. 2010)).

Arnold contends that he is an unsophisticated party who simply made an oversight in the schedules and statements to his Bankruptcy Action. [DE 22 at 202]. Arnold also argues that he has gained no unfair advantage from his mistake, and the only party who benefits from judicial estoppel is O'Charley's. [*Id.*]. Yet O'Charley's contends that Arnold must have known about his civil action when filling out the schedules and statements because he sued just days before his bankruptcy petition. [DE 21 at 93].

First, Arnold knew about his claim when he filed his bankruptcy petition. "The debtor need not know all the facts or even the legal basis for the cause of action rather, if the debtor has enough information . . . to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be discharged." *Williams v. Saxon Mortg. Servs., Inc.*, No. 13-10817, 2014 WL 765055, at *9 (E.D. Mich. Feb. 26, 2014) (quoting *In re Coastal Plains, Inc.*, 179 F.3d at 210). Although Arnold failed to list this civil suit in his Bankruptcy Action, Arnold

filed his complaint eleven days prior to his bankruptcy petition. [DE 21-1]. Arnold responded to O'Charley's requests for admission just ten days before confirmation of his Chapter 13 plan. [DE 1-1]. Arnold also correctly listed four other legal actions on his Schedules and Statements. [DE 21-1]. Not only did Arnold know he may have a legal claim, Arnold took affirmative steps to pursue his claim in court. *Saxon Mortg. Servs., Inc.*, 2014 WL 765055, at *9. Based on this evidence, the Court can conclude that Arnold knew about this civil action prior to filing his schedules and statements.

Second, Arnold had motive to conceal this civil action. This Court has held that a Chapter 13 petitioner always has an interest in minimizing income and assets. *See Schultz*, 2012 WL 3527068, at *5 (citing *Lewis*, 141 F. App'x at 426). This is because once Arnold's cause of action becomes part of the bankruptcy estate, then the proceeds from the claim would go towards paying off his creditors rather than go directly to Arnold. *See White*, 617 F.3d at 479; *Saxon Mortg. Servs., Inc.*, 2014 WL 765055, at *9. Based on the Sixth Circuit's presumption regarding Chapter 13 debtors, Arnold had motive to conceal this civil action on his schedules and statements.

Finally, Arnold has failed to demonstrate the absence of bad faith. A plaintiff can prove a lack of bad faith by showing attempts to correct an initial disclosure. *Id.* at 480. "Since the bankruptcy system depends on accurate and timely disclosures, the extent of those efforts, together with their effectiveness, is important." *Schultz*, 2012 WL 3527068, at *6 (quoting *White*, 617 F.3d at 480). A party's efforts to correct an omission that came before a motion to dismiss are more important than efforts that came after the motion to dismiss. *Id.* "To allow a party to avoid judicial estoppel by rectifying omissions after a motion to dismiss has been filed 'would encourage gamesmanship' and defeat the purpose of the doctrine." *Newman v. Univ. of Dayton*, 751 F. App'x 809, 815 (6th Cir. 2018).

In *Eubanks*, the Sixth Circuit declined to apply judicial estoppel to bar the plaintiffs' lender liability claim. 385 F.3d at 899. However, the plaintiffs had notified the bankruptcy trustee of the claim, asked the trustee whether he intended to pursue the claim, moved the bankruptcy court for a status conference on the issue, unsuccessfully moved to have the trustee substituted for plaintiffs in the action, and filed an amendment to their bankruptcy schedules after the defendant moved to dismiss. *See id.* at 895–97. Based on the *Eubanks* plaintiffs' "constant affirmative actions" to inform the bankruptcy court of their claim, the Sixth Circuit concluded that the omission was inadvertent and declined to apply judicial estoppel. *Id.* at 899.

Unlike *Eubanks*, Arnold has presented no evidence that he made such a concerted effort to alert the bankruptcy court to his undisclosed civil action. The only effort Arnold made was to amend the bankruptcy schedules almost three weeks after O'Charley's moved to dismiss. [DE 23-1]. Courts in the Sixth Circuit have repeatedly held that efforts to amend bankruptcy schedules and statements after the defendant moves to dismiss are inadequate to prove an absence of bad faith. *See, e.g.*, *White*, 617 F.3d at 475 (amending bankruptcy schedules days after defendant moved to dismiss); *Kelly*, 2020 WL 1812220, at *6 (amending bankruptcy schedules 14 days after defendant moved to dismiss); *Schultz*, 2012 WL 3527068, at *6 (amending bankruptcy schedules approximately one month after defendant moved to dismiss). Based on Sixth Circuit precedent, Arnold has failed to provide adequate evidence that he acted without bad faith.

            iv.    *Weighing the Elements.*

In sum, the elements of judicial estoppel are satisfied in this case. Arnold asserted a position contrary to that stated in his Bankruptcy Action. The Bankruptcy Court then adopted this position by confirming Arnold's Chapter 13 plan. Ruling on the merits of Arnold's civil claim would create inconsistent results between this Court and the Bankruptcy Court. Arnold has failed

to present evidence to suggest that the omission on his bankruptcy schedules was due a mistake or inadvertence and not due to bad faith. As a result, Arnold is estopped from asserting his claims against O'Charley's in this action. O'Charley's motion for summary judgment is **GRANTED**.

### III.    CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1.   O'Charley's Motion to Dismiss [DE 21] is converted to a motion for summary judgment, and summary judgment is **GRANTED**.

*Rebecca Grady Jennings, District Judge*
United States District Court

March 16, 2022

Copies to:     Counsel of record